816 F.2d 680
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Louis GREER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 86-5703.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1987.
 
 W.D.Tenn.
 AFFIRMED.
 KRUPANSKY and BOGGS, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner, while imprisoned at the Federal Correctional Institute in Memphis, Tennessee, brought an action pursuant to 28 U.S.C. Sec. 2255 to vacate his ten-year sentence for possession of narcotics with intent to distribute. By that action, petitioner argued that his conviction was due to ineffective assistance of counsel. This ineffective assistance is allegedly due to trial counsel's failure to assert 18 U.S.C. Sec. 3109 as a defense to the introduction of narcotics seized following a search of petitioner's vacant residence. After a response was filed by the United States, the district court dismissed petitioner's action.
 
 
 3
 We affirm the judgment of dismissal. No actionable claim of ineffective assistance is raised by petitioner. Ineffective assistance of counsel results only when trial counsel's performance falls below an objective standard of reasonableness so that a reasonable probability exists that but for counsel's unprofessional errors the outcome at trial would have been different. Watson v. Marshall, 784 F.2d 722, 725 (6th Cir. 1985). No unprofessional error resulted from trial counsel's failure to raise the 18 U.S.C. Sec. 3109 issue. Section 3109 does not preclude execution of a search warrant at a vacant dwelling. United States v. Agrusa, 541 F.2d 690, 700 (8th Cir. 1976), cert. denied, 429 U.S. 864 (1973); United States v. Brown, 566 F.2d 304, 305 (5th Cir. 1977); United States v. Gervato, 474 F.2d 40, 44 (3d Cir.), cert. denied, 414 U.S. 864 (1973). As this was petitioner's sole basis for asserting 18 U.S.C. 3109, it was not ineffective assistance of counsel to refuse to raise a meritless defense.
 
 
 4
 Accordingly, the district court's final judgment entered June 9, 1986, is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.